# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL CLIFFORD YOUNG, <br> Petitioner, <br> v. <br> W. L. MONTGOMERY, Warden, <br> Respondent. | Case No. CV 17-08995-MWF (JDE) <br><br> ORDER TO SHOW CAUSE |

On November 27, 2017, Petitioner Michael Clifford Young ("Young") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "Pet.") in the Southern District of California. (Dkt. 1.) The matter was transferred to the Central District of California on December 12, 2017. (Dkt. 3.) The Petition is directed at Petitioner's conviction in Los Angeles County Superior Court for murder and attempted murder. (Pet. at 1.) Petitioner purports to raise four grounds for relief. (Id. at 5-12 (CM/ECF pagination).)

Petitioner appealed his conviction and sentence to the California Court of Appeal. Pet. at 2. In an unpublished decision issued on April 7, 2016, the

court of appeal affirmed the judgment.[1] (Pet. at 3; California Courts, Appellate Case Information ["Appellate Case Information"] at appellatecases.courtinfo.ca.gov.) Petitioner's Petition for Review was denied on July 20, 2016. (Appellate Case Information.)

More than ten months later, on May 30, 2017, Petitioner filed a habeas petition in Los Angeles County Superior Court. (Pet. at 4; Los Angeles County Superior Court, Criminal Case Summary ["LASC, Criminal Case Summary"] at lacourt.org.) Based on a review of the Los Angeles County Superior Court's docket, it appears this petition was denied on June 2, 2017. Petitioner has not claimed otherwise. Although Petitioner appears to allege that he filed a habeas petition in the California Supreme Court, elsewhere in the Petition he indicates that he did not appeal the denial of his superior court habeas petition. (Pet. at 6-7.) Further, a review of the state appellate court's dockets reflects that Petitioner did not file a habeas petition in either the California Court of Appeal or California Supreme Court. (Appellate Case Information.)

On November 27, 2017, Petitioner mailed the Petition to the Southern District of California, and the Clerk's Office received it on December 1, 2017. Pursuant to the prison "mailbox rule," the Court will deem the Petition to have been "filed" on November 27, 2017. See Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).

/ / /

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of relevant state court records available electronically for the state courts. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

## I.
## PETITIONER'S CLAIMS

In Ground One of the Petition, Petitioner asserts a claim for ineffective assistance of counsel. In support of this claim, Petitioner alleges "[f]ailure to investigate, exclusing [sic] of expert witness[;] trial court erred in excluding defense expert, the trial court's arbitrarily [sic] selection of the prosecution[']s vehicle identification expert over the defense expert deprived [Petitioner] of due process and compulsory process." (Pet. at 6.) When asked on the form petition whether Ground One was exhausted, Petitioner answered "exhausted, pending" and referred to his superior court habeas petition. (Id. at 6, 8.)

Petitioner's remaining claims all appear to relate to evidentiary errors that Petitioner raised in his direct appeal. In Ground Two, Petitioner asserts that the trial court erred in allowing Stephen Ferrera to give an expert opinion. (Pet. at 8.) In Ground Three, Petitioner contends that the trial court erred in excluding the defense expert analysis of a surveillance video. (Id. at 9.) In Ground Four, Petitioner maintains that the trial court's unbalanced treatment of the defense expert violated the Confrontation Clause. (Id. at 11.) Although framed as a due process claim on direct appeal, the Court presumes for purposes of the instant Order that Petitioner intended to raise the same claim.

## II.
## DISCUSSION

A. <u>The Petition is mixed.</u>

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it

appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose, 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731 (1991), modified by Martinez v. Ryan, 566 U.S. 1 (2012); Castille v. Peoples, 489 U.S. 346, 349 (1989).

Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). Here, the Petition, on its face, is "mixed." As Petitioner appears to concede, Ground One is unexhausted. Petitioner did not raise this claim in his direct appeal. Nor does Petitioner allege that he raised this claim in a habeas petition to the California Supreme Court. (See Pet. at 7-8.) Further, based on the Court's review of the state appellate court's website, Petitioner has not filed a habeas petition in the California Supreme Court.

When a Section 2254 petition is determined to be mixed, a petitioner may be provided options potentially available, including an option to dismiss the unexhausted claim or to request a stay and abeyance. However, the Court reserves any further action on the exhaustion issue at this time because another defect appears to exist. Namely, for the reasons set forth below, the Petition, on its face, plainly is untimely.

B.   Dismissal appears warranted due to untimeliness.

Because the Petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), it is subject to the

AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Campbell v. Henry, 614 F.3d 1056, 1058 (9th Cir. 2010). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner does not appear to contend that he is entitled to a later trigger date under 28 U.S.C. § 2244(d)(1)(B)-(D), and the Court finds no basis for applying a later trigger date. As such, Section 2244(d)(1)(A) governs in this case.

As explained, the California Supreme Court denied Petitioner's Petition for Review on July 20, 2016. As such, Petitioner's conviction became final 90 days later, on October 18, 2016, when the period in which to petition the United States Supreme Court for a writ of certiorari expired. See Harris v. Carter, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008). The AEDPA's one-year limitations period expired one year later on October 18, 2017. Petitioner did not constructively file his Petition until November 27, 2017. Thus, absent tolling, the Petition is untimely by over a month.

        1.    <u>Statutory tolling does not render the Petition timely.</u>

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date a judgment becomes final and the date the petitioner files his first state collateral challenge because during that time there is no case "pending." See Cross v. Sisto, 676 F.3d 1172, 1179 (9th Cir. 2012).

Here, Petitioner filed a state habeas petition in the Los Angeles County Superior Court on or about May 30, 2017. (LASC, Criminal Case Summary.)

It appears that petition was denied on June 2, 2017. (Id.) Because that petition was filed within the AEDPA's one-year limitations period, Petitioner is entitled to statutory tolling for the period in which it was pending. Thus, the limitations period was extended by three days, to October 21, 2017.

Petitioner has not identified any other habeas petitions he filed in state court. As such, the limitations period expired on October 21, 2017, and once it lapsed, it could not be reinitiated. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Therefore, statutory tolling does not render the Petition timely.

2. Equitable tolling does not render the Petition timely.

In addition to statutory tolling, the AEDPA's one-year limitations period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 649 (2010). In order to be entitled to equitable tolling, the petitioner must show both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented his timely filing. Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Ninth Circuit has held that the Pace standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (as amended) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely.

# III.
# ORDER

Accordingly, based upon the Petition currently submitted, the Petition is untimely by over a month. District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. Day v. McDonough, 547 U.S. 198, 209-10 (2006); Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012).

Therefore, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely. By **no later than January 22, 2018,** Petitioner shall file a response to this Order. If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely, and provide any available competent evidence that establishes the timeliness of this action.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk is directed to provide a Notice of Dismissal form.** However, the Court warns any dismissed claims may be subject to the statute of limitations under Section 2244(d)(1).

The Court warns Petitioner that failure to file a timely response to this Order will result in the Court dismissing this action as untimely and for failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).

Dated:     December 21, 2017

_____
JOHN D. EARLY
United States Magistrate Judge

7