UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CLIFFORD YOUNG, <br> Petitioner, <br> v. <br> W.L. MONTGOMERY, <br> Respondent. | Case No. CV 17-08995-MWF (JDE) <br><br> ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file herein, including the operative First Amended Petition (Dkt. 11, "FAP"), which includes a Request for a Stay under Rhines v. Weber, 544 U.S. 269 (2005) ("Request for Stay"), the Order to Show Cause (Dkt. 7, "OSC"), Petitioner's Response to the OSC (Dkt. 9), the Motion to Dismiss the FAP (Dkt. 16, "Motion to Dismiss"), the Report and Recommendation ("R&R") of the United States Magistrate Judge, and the Objections to the R&R filed by Petitioner (Dkt. 21, "Objections" or "Obj.").

In his Objections, Petitioner states that he was unable to file an opposition to the Motion to Dismiss because he "was without access to the law library as a result of a full lockdown by Calipatria State Prison." Obj. at 1. The

Court herein will engage in a de novo review of those portions of the R&R to which Petitioner objects. However, the Court notes that the arguments raised by Petitioner in his Objections appear to be substantively the same arguments made by Petitioner in his Response to the OSC – arguments which the Magistrate Judge expressly considered in the R&R. See, e.g., R&R at 7-8 (analyzing Petitioner's claim in that he was unaware that the superior court had ruled on his state habeas petition, relying on Fue v. Biter, 842 F.3d 650, 654 (9th Cir. 2016) (en banc) and Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009), cases cited by Petitioner in his Objections).

On argument that is arguably newly raised in the Objections is Petitioner's reference to Rule 60(b)(1) of the Federal Rules of Civil Procedure ("Rule 60(b)(1)"). See Obj. at 1-2, 4. Rule 60(b)(1) provides District Courts discretion, in some circumstances, to relieve a party "from a final judgment, order, or proceeding" because of "mistake, inadvertence, surprise, or excusable neglect." It is unclear to the Court from what "judgment, order, or proceeding" Petitioner seeks relief. To the extent the Rule 60(b)(1) argument seeks to excuse Petitioner's failure to file an opposition to the Motion to Dismiss, no final dispositive order or judgment has been entered with respect to the Motion to Dismiss. Further, as noted above, the Court is engaging in a de novo review of all portions of the R&R to which objections have been made, so Petitioner's objections are receiving full consideration herein. As a result, Rule 60(b)(1) is inapplicable to Petitioner's failure to file an opposition.

To the extent Petitioner's Rule 60(b)(1) argument seeks relief for his failure to timely file his initial petition in this action, the argument appears identical to the equitable tolling argument that was considered and rejected in the R&R. See R&R at 6-10. The Ninth Circuit has held that a petitioner who seeks equitable tolling based upon an asserted lack of knowledge that a state

court had ruled on a prior challenge to the conviction bears the burden of showing such diligence that a reasonable person would exercise under the circumstances. See Fue, 842 F.3d at 654. As discussed in the R&R, Petitioner did not explain why he waited more than ten months after the denial of his Petition for Review to file his initial state habeas petition, did not offer evidence of any efforts to learn of the status of his state habeas petition, and did not offer any explanation for why he took no other action to ensure the timely filing of his federal petition, despite being aware of the one-year statute of limitations, such as by filing a "protective" petition. R&R at 7-9. As a result, the R&R concluded that Petitioner had not acted with diligence and was not entitled to equitable tolling. Id. (citing Broxton v. Arnold, 2017 WL 1956221, at *6 (E.D. Cal. May 11, 2017) (inquiries to prison officials asking if they had records of the filing of a habeas petition did not demonstrate diligence in seeking information regarding the status of his habeas petition)). The Court agrees with the findings and conclusions set forth in the R&R.

As noted above, the Court has engaged in a de novo review of those portions of the R&R to which objections have been made, and has considered and rejected arguments by Petitioner raised in his Objections. The Court accepts the findings and recommendation of the Magistrate Judge.

IT IS THEREFORE ORDERED that: (1) the Motion to Dismiss is GRANTED; (2) the Request for Stay is DENIED; and (3) Judgment be entered denying the FAP and dismissing this action with prejudice.

Dated: August 20, 2018

_____
MICHAEL W. FITZGERALD
United States District Judge